EDMUND H. CULVER, PLAINTIFF-RESPONDENT, v. JOSEPH DZIKI AND JULIA DZIKI, DEFENDANTS-APPELLANTS.

Argued May 3, 1939—Decided July 28, 1939.

Before Justices CASE and HEHER.

For the appellants, *Martin Simon.*

For the respondent, *Murray Greiman.*

The opinion of the court was delivered by

HEHER, J. Defendants suffered a fire loss on an insured building owned by them. Immediately thereafter, on October 11th, 1937, they jointly executed and delivered to plaintiff, a carpenter and builder, the following paper-writing: "I hereby authorize E. H. Culver to appraise fire loss to building at No. 490 Pavonia Ave. for consideration of 5% of settlement, if we are awarded contract for full settlement the 5% appraisal fee is void."

Averring that he "did all that he was required to do under the contract and all that he was permitted to do by the defendants," and that "the fire loss on the building ＿ * * * was settled" with the insurers "for the sum of $2,229.91," plaintiff instituted this action to recover damages for breach of the pleaded contract, and was awarded judgment for a sum which is, according to the agreed state of the case, the equivalent of five per cent. of the amount thus paid in settlement of the loss, and interest thereon from the date of settlement. Defendants appeal.

Their first insistence is that the verb "authorize," as here used, "imports nothing more than permission or allowance," and the writing in essence constituted but a "proposal or authorization," and was withdrawn before acceptance, and therefore did not create a contractual obligation on the part of the defendants. The point has no substance.

That "the paper does not contain any words which indicate that" plaintiff "agreed to do" the work "or accepted the offer" is not, as defendants seem to contend, determinative of this question. Even though the writing be deemed a mere proposal, the agreed case reveals evidence of plaintiff's acceptance of the offer prior to its communicated revocation; and it is elementary that a contract comes into being by the unconditional acceptance of an offer before its communicated withdrawal. Such acceptance completes the manifestation of assent requisite to a contractual obligation.

Next, it is maintained that the minds of the parties did not "meet" in the purported contract, since defendants "were illiterate, and did not understand that they were signing a contract."

. The point is untenable. The agreed case discloses evidence manifesting a full understanding by the defendants of both the character and contents of the writing at the time they appended their signatures to it. It is fundamental in the act relating to District Courts that findings of fact on conflicting evidence are not reviewable on appeal.

Lastly, it is contended that, assuming the existence of the pleaded contract, defendants "had the right to stop the work thereunder, subject to the right of the plaintiff to recover, not

the full contract price, but only the damage which he suffered."

We need not consider this point, for there is no supporting specification of error in matter of law residing in the judgment so as to warrant a review under *R. S.* 1937, 2:27-348, 2:27-358. The only pertinent assignments of error are that the trial judge erroneously "refused the request of the defendants-appellants to give judgment against the plaintiff-respondent and in favor of the defendants-appellants inasmuch as the uncontradicted evidence * * * disclosed * * * that the plaintiff-respondent had not fully performed the work or service for which he sought payment, because he had been told by the defendants-appellants to do no work, and he had spent actually but one-half hour in inspecting the premises for the appraisal," and "he had not shown any damage;" and "that the damages awarded * * * are clearly excessive and contrary to law."

Plainly, defendants could not have judgment upon the ground first stated, since the plaintiff was entitled to a judgment for nominal damages, even though there was no proof of substantial injury. And there is no error of law pointed out in the specification that the damages "are clearly excessive and contrary to law." For all that appears from this assignment, the *quantum* of damages may have turned upon the determination of issues of fact. It is not expressed to be grounded in the employment of an inapplicable rule for the admeasurement of the damages, or other error in point of law. And so the claimed error of law now argued has not been specified in the grounds of appeal. *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28; *Shaw* v. *Vermont Marble Co.,* 107 *Id.* 154; *Frank Wirth, Inc.,* v. *Essex Amusement Corp.,* 115 *Id.* 228; *Press* v. *Klink,* 115 *Id.* 475; *Biczis* v. *Public Service Co-ordinated Transport,* 115 *Id.* 407; *Dooling* v. *Dragin,* 10 *N. J. Mis. R.* 1073; *Jablowski* v. *Prudential Insurance Co.,* 121 *N. J. L.* 364.

The judgment is accordingly affirmed, with costs.